**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00661-RMR-KLM

BENNETTA GREEN, individually and on behalf
of all others similarly situated,

    Plaintiff

v.

PILGRIM'S PRIDE CORPORATION,

    Defendant.

---

**PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Bennetta Green ("Plaintiff" or "Green") files this First Amended Collective Action Complaint against Defendant Pilgrim's Pride Corporation ("Defendant" or "Pilgrim's"), respectfully showing in support as follows:

## I.    INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") for Defendant's failure to pay all due and owing overtime wages to Plaintiff.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former superintendent employees of Defendant who, like Plaintiff, were misclassified as salaried employees and were not paid time and

1

one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff Bennetta Green

4. Plaintiff is an individual residing in Elbert County, Georgia. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant on or about May 30, 2022. Plaintiff is a current employee.

6. At all times relevant to this lawsuit, Plaintiff was paid with a salary without overtime compensation.

7. Plaintiff's written consent to participate in this lawsuit was previously filed along with the Original Complaint as Exhibit 1.

### B.     Collective Action Members

8. The putative Collective Action Members are all current or former superintendent employees of Defendant who are/were misclassified as exempt employees paid with a salary and consequently are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its

employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period as to the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.  Defendant Pilgrim's Pride Corporation**

10. Defendant is a corporation organized under the laws of the State of Delaware.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Colorado.

12. Defendant's principal place of business as listed with the Colorado Secretary of State is 1770 Promontory Circle; Greeley Colorado 80634.

13. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to packaging meat products for distribution throughout the United States.

17. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include meat, packaging materials, cutting tools, and other goods and/or materials.

18. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19. Defendant may be served with summons through its registered agent, Corporation Service Company at 1900 W Littleton Blvd; Littleton, CO 80120.

### III.   JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claim is based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

21. The United States District Court for the District of Colorado has personal jurisdiction over Defendant because Defendant does business in Colorado and in this District, and because many of the acts complained of and giving rise to the claim alleged occurred in Colorado and in this District. Furthermore, Defendant's principal place of business is in Colorado.

22. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b)(1) because this is a judicial district in which the Defendant resides and under § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, and in this Division.

## IV.  FACTUAL BACKGROUND

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. Plaintiff is employed by Defendant as a superintendent in connection with its meat packing business operations. Her primary job duties involve working on the line and packaging meat products, the same as hourly-paid employees working on the production line.

25. However, Defendant classifies her as an exempt employee and pays her on a salary as opposed to an hourly rate with overtime pay.

26. Plaintiff does not manage Defendant's enterprise, nor does she manage a customarily recognized department or subdivision of that enterprise.

27. Plaintiff does not have the authority to hire or fire other employees, and her suggestions and recommendations as to the hiring, firing, promotion or other change of status of any other employee was not given particular weight.

28. Plaintiff did not primarily perform office or non-manual work directly related to the management or general business operations of Defendant. She was not permitted to exercise any discretion or independent judgment with respect to matters of significance in connection with her work for Defendant.

29. Plaintiff predominantly performed the "blue collar" type work contemplated by the FLSA's overtime premium pay requirements, as she mainly performed repetitive operations with her hands, physical skill, and energy. Plaintiff spent significant work time

performing line work tasks such as cutting chicken and preparing it for packing, and cleaning on the production line.

30. Although Plaintiff did not have any of the job duties or responsibilities of an exempt employee, Defendant paid Plaintiff with a salary at all times relevant to this lawsuit.

31. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 72 hours of work for Defendant on average. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each workweek.

32. When Plaintiff worked in excess of 40 hours during a workweek, she did not receive all of the overtime premium pay to which she was entitled because Defendant misclassified her as an exempt employee.

33. Instead, Plaintiff should have been paid on an hourly basis and received overtime wages at the rate of one and one-half times her regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1). Defendant's failure to pay Plaintiff all of the overtime premium pay owed to her was in violation of the FLSA.

34. During times relevant, Defendant employs/employed numerous other superintendent employees in connection with its meat packing business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on a salary basis, routinely work/worked in excess of 40 hours per workweek, were misclassified as exempt employees, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

35. Defendant's uniform wage payment policy and/or practice resulted in Plaintiff and similarly situated superintendent employees not being paid all overtime wages owed to them by Defendant in violation of the FLSA.

## V. COUNT ONE: FLSA CLAIM FOR OVERTIME PAY

36. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

37. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

38. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

39. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

40. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

41. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

42. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

43. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in

7

each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

44. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5. Plaintiff does not allege this violation as a separate cause of action, but solely seeks damages as the result of failure to pay overtime, including liquidated damages and attorney's fees.

45. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

46. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek. For instance, Defendant was involved in FLSA litigation in 2007-2010 with respect to a claim for overtime pay. *See In re Pilgrim's Pride Fair Labor Standards Act Litigation*, MDL No. 1:07-CV-1832, 2008 WL 2061265, at *1 (W.D. Ark. May 14, 2008). Given its prior involvement in FLSA litigation, Defendant knew it violated the FLSA with respect to Plaintiff and the putative Collective Action Members or had reason to know that its pay practices violated the FLSA and failed to investigate or address Plaintiff and the putative Collective Action Members' wage payment issues.

8

47. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

48. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

50. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

51. Plaintiff seeks to bring her claim under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former superintendent employees of Defendant who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

52. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

53. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

54. Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

55. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

56. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

57. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

58. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

59. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

60. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;
   b. All damages allowed by the FLSA, including back wages;

    c. Liquidated damages in an amount equal to FLSA-mandated back wages;

    d. Legal fees;

    e. Costs;

    f. Post-judgment interest;

    g. All other relief to which Plaintiff and the putative Collective Action Members may be justly entitled.

Dated: April 24, 2023

Respectfully submitted,

By:   s/Melinda Arbuckle
Melinda Arbuckle
marbuckle@wageandhourfirm.com
Ricardo J. Prieto
rprieto@wageandhourfirm.com
Wage and Hour Firm
400 North Saint Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 – Telephone
(469) 299-1070 – Facsimile

Joseph A. Fitapelli
jfitapelli@fslawfirm.com
Armando A. Ortiz
aortiz@fslawfirm.com
Katherine Bonilla (pending PHV)
kbonilla@fslawfirm.com
Fitapelli & Schaffer, LLP
28 Liberty Street, 30th Floor
New York, New York 10005
(212) 300-0375 – Telephone
(212) 481-1333 – Facsimile

Germaine Jones
gjones@foresterhaynie.com
Forester Haynie, PLLC

        400 North Saint Paul Street, Suite 700
        Dallas, Texas 75201
        (214) 210-2100 – Telephone
        (469) 299-1070 – Facsimile

        ATTORNEYS FOR PLAINTIFF AND
        PUTATIVE COLLECTIVE ACTION MEMBERS