## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00661-RMR-KLM

BENNETTA GREEN, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION,

    Defendant.

## ANSWER TO FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Defendant Pilgrim's Pride Corporation ("Defendant"), by and through its attorneys, submits the following Answer to First Amended Collective Action Complaint (the "Complaint") filed by Bennetta Green ("Plaintiff"):

### RESPONSE TO THE INTRODUCTION AND THE NATURE OF THE CASE

1. Paragraph 1 of the Complaint states a legal conclusion and does not contain factual allegations requiring a response. To the extent any response is required, Defendant admits Plaintiff purports to bring this action as alleged in Paragraph 1 of the Complaint but denies the validity of the action and denies Plaintiff is entitled to any relief. Defendant denies failing to pay alleged due and owing overtime wages to Plaintiff and denies any remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states a legal conclusion and does not contain factual allegations requiring a response. To the extent any response is required,

1

Defendant admits Plaintiff purports to bring this action individually and as a proposed collective action under the Fair Labor Standards Act but denies Plaintiff or any putative member of the collective action is entitled to overtime compensation or other relief. Defendant denies any remaining allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion and does not contain factual allegations requiring a response. To the extent any response is required, Defendant admits Plaintiff seeks the relief stated in Paragraph 3 of the Complaint individually and on a collective-wide basis under the Fair Labor Standards Act but denies Plaintiff or any putative member of the collective action is entitled to any damages or other relief. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

### **RESPONSE TO ALLEGATIONS CONCERNING THE PARTIES**

4. Defendant admits Plaintiff is an individual residing in Elbert County, Georgia, and denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant affirmatively states Plaintiff's job is production superintendent at Defendant's production facility in Elberton, Georgia. With that clarification, Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant affirmatively states that Plaintiff has received a variety of compensation and benefits, including an annual salary, in consideration for her job as production superintendent at Defendant's production facility in Elberton, Georgia. With that clarification, Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

DN 7806231.1

8. Defendant admits Plaintiff purports to represent a proposed collective action of Defendant's current and former superintendents but denies Plaintiff or any putative member of the collective action is entitled to overtime compensation under the Fair Labor Standards Act or other relief. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

**RESPONSE TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE**

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant admits the U.S. District Court for the District of Colorado has personal jurisdiction over Defendant. Defendant admits it does business in Colorado and its principal place of business is in Colorado. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant admits the U.S. District Court for the District of Colorado is the judicial district in which Defendant resides. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

**RESPONSE TO FACTUAL BACKGROUND ALLEGATIONS**

23. Defendant admits and denies the allegations in Paragraphs 1 through 22 of the Complaint as set forth above and incorporates its responses by reference.

24. Defendant admits it employs Plaintiff as a production superintendent and denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant admits it classifies Plaintiff as an exempt employee under the Fair Labor Standards Act and denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant affirmatively states Plaintiff has received a variety of compensation and benefits, including an annual salary, in consideration for her job as production superintendent at Defendant's production facility in Elberton, Georgia. With that clarification, Defendant admits that it has paid Plaintiff a salary. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint. Defendant affirmatively states Plaintiff was and is properly classified as exempt under the Fair Labor Standards Act.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant affirmatively states it employs production superintendents, other than Plaintiff, at its production facility in Elberton, Georgia. With that clarification, Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

### **RESPONSE TO COUNT ONE: FLSA CLAIM FOR OVERTIME PAY**

36. Defendant admits and denies the allegations in Paragraphs 1 through 35 of the Complaint as set forth above and incorporates its responses by reference.

37. Defendant admits the allegations in Paragraph 37 of the Complaint.

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant admits Plaintiff does not allege a separate cause of action based on the allegations in Paragraph 44 of the Complaint. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

DN 7806231.1

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

## **RESPONSE TO COLLECTIVE ACTION ALLEGATIONS**

49. Defendant admits and denies the allegations in Paragraphs 1 through 48 of the Complaint as set forth above and incorporates its responses by reference.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states a legal conclusion and does not contain factual allegations requiring a response. To the extent any response is required, Defendant admits Plaintiff purports to bring this action individually and as a proposed collective action under the Fair Labor Standards Act but denies Plaintiff or any putative member of the collective action is entitled to overtime compensation or other relief. Defendant denies any remaining allegations in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint with respect to Plaintiff's personal knowledge and, therefore, denies those allegations. Defendant denies any remaining allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

DN 7806231.1

57. Paragraph 57 of the Complaint purports to state a reservation of rights and does not contain factual allegations requiring a response. To the extent any response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint purports to state a reservation of rights and does not contain factual allegations requiring a response. To the extent any response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

## RESPONSE TO JURY DEMAND

59. Defendant admits Plaintiff demands a jury trial in Paragraph 59 of the Complaint.

## RESPONSE TO ALLEGATIONS REGARDING DAMAGES AND PRAYER

60. Paragraph 60 of the Complaint, and the subparagraphs thereunder, constitute Plaintiff's prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 60 of the Complaint, including the subparagraphs thereunder, and denies Plaintiff or any putative member of the collective action is entitled to relief.

## GENERAL MATTERS

Defendant denies each and every allegation in the Complaint not specifically admitted herein. Additionally, each and every denial set forth above shall be deemed a separate defense, as justice may require, and each and every separate defense shall be deemed a response to the allegations in the Complaint. Defendant denies Plaintiff or any allegedly similarly situated individual is entitled to any relief whatsoever.

## **SEPARATE DEFENSES**

Without conceding that it bears the burden of proof or persuasion as to any of them, except as required by applicable law, Defendant states separate defenses to the Complaint below. Defendant reserves the right to assert additional separate defenses should any become known during the course of discovery.

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Defendant acted in good faith at all times and with the intent to comply with all applicable federal and state laws and with reasonable grounds to believe it was not violating the law.

3. Defendant properly compensated Plaintiff and any individual who is alleged to be similarly situated to Plaintiff for all time worked consistent with the Fair Labor Standards Act.

4. The Complaint is barred to the extent Plaintiff seeks relief, on behalf of herself and others allegedly similarly situated, for time that is not compensable hours worked under the Fair Labor Standards Act.

5. Part or all of the time for which Plaintiff alleges she (and any member of the proposed collective action) should be paid is preliminary or postliminary to principal activities of employment under the Portal-to-Portal Act, 29 U.S.C. § 254(a), and is not compensable hours worked.

DN 7806231.1

6. The Complaint is barred to the extent the time for which overtime compensation is sought is *de minimis* and, therefore, not compensable under the Fair Labor Standards Act.

7. Plaintiff's claim, as well as the claim of any other allegedly similarly situated individual, is barred, in whole or in part, because the work performed falls or fell within exemptions, exclusions, or credits provided for in the Fair Labor Standards Act.

8. Defendant is entitled to an offset of overpayments made to Plaintiff (and any member of the proposed collective action) and monies or other consideration paid or provided.

9. Plaintiff's alleged damages, as well as the alleged damages of any other allegedly similarly situated individual, are speculative and uncertain, or both, which precludes any recovery.

10. The Complaint is barred, in whole or in part, to the extent Defendant lacked constructive or actual knowledge of hours worked and where Defendant did not authorize, require, request, suffer, or permit work by Plaintiff or allegedly similarly situated individuals.

11. Plaintiff's claim, as well as the claim of any other allegedly similarly situated individual, is barred in whole or in part by the applicable statute of limitations under the Fair Labor Standards Act.

12. Plaintiff, as well as any other allegedly similarly situated individual, failed to mitigate alleged damages, exhaust available administrative remedies, or seek relief through the grievance and arbitration process.

13. Plaintiff has not satisfied the requirements of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for collective action certification in that the allegedly similarly situated individuals whom Plaintiff seeks to represent have not been subject to a common decision, policy, or plan.

14. The claim alleged by Plaintiff on behalf of herself and the group of individuals whom Plaintiff purports to represent, the existence of which is denied, encompasses matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

15. Some or all of the individuals on whose behalf Plaintiff purports to complain are not similarly situated under the Fair Labor Standards Act.

16. Plaintiff lacks standing to raise any claim of the individuals on whose behalf she purports to complain.

17. Certification is barred to the extent Plaintiff is requesting certification of a fail-safe collective action whose membership can only be ascertained by a determination of the merits of the case.

18. Defendant did not knowingly or willfully violate the Fair Labor Standards Act and, therefore, Plaintiff's claim on behalf of herself and others allegedly similarly situated is limited to a two-year limitations period.

19. Plaintiff and the individuals whom she seeks to represent were properly classified as exempt under the Fair Labor Standards Act and were, therefore, not entitled to overtime compensation.

DN 7806231.1

20. Defendant compensated Plaintiff and the individuals whom she seeks to represent beyond that which they would be entitled, if they were classified as non-exempt under the Fair Labor Standards Act, while such additional compensation would satisfy, in whole or in part, any claim for unpaid overtime compensation or other monetary relief.

21. The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, and consent.

22. Should the Court certify this matter as a collective action under the Fair Labor Standards Act, Defendant reasserts each of these defenses with respect to each collective action member filing a consent to join this action.

WHEREFORE, Defendant respectfully requests the Court dismiss the Complaint in its entirety with prejudice, that judgment be entered in favor of Defendant and against Plaintiff and all others allegedly similarly situated, and that the Court award Defendant attorney fees and all other costs reasonably incurred in defense of this action.

Dated: May 16, 2023.	s/ *Joseph H. Hunt*
Joseph H. Hunt
Jonathon M. Watson
Matthew M. Morrison
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
(303) 839-3800
jhunt@spencerfane.com
jmwatson@spencerfane.com
mmorrison@spencerfane.com

*Attorneys for Pilgrim's Pride Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*s/ Elizabeth Musgrave*
Elizabeth Musgrave
Spencer Fane LLP

DN 7806231.1