# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00661-RMR-KAS

BENNETTA GREEN, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION,

    Defendant.

_____

## JOINT MOTION TO STAY CASE PENDING ALTERNATIVE DISPUTE RESOLUTION
_____

    Plaintiff Bennetta Green ("Plaintiff") and Defendant Pilgrim's Pride Corporation ("Defendant") (together, the "Parties"), through their respective counsel and pursuant to D.C.COLO.LCivR 16.6(a), submit this Joint Motion to Stay Case Pending Alternative Dispute Resolution and in support state as follows:

    1.    Pursuant to D.C.COLO.LCivR 7.1, the Parties have conferred about this motion and agree to the relief requested herein. The Parties agree this case is positioned for alternative dispute resolution, and the requested relief is in keeping with the interests of judicial economy.

    2.    Plaintiff initiated this proposed collective action on March 14, 2023, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, [Doc. 1], and filed a First Amended Collective Action Complaint on April 24, 2023, [Doc. 19]. Plaintiff claims that Defendant misclassified Plaintiff and similarly situated employees as exempt under the FLSA and failed to properly compensate them for overtime hours worked.

3. Plaintiff seeks to certify a collective action at Defendant's production facility in Elberton, Georgia (the "Elberton Facility" is located at 1129 Old Middleton Road, Elberton, Georgia). Thus far, one individual, Cody Mantia, who also worked at the Elberton Facility, has consented to join the case as an opt-in plaintiff. [Doc. 2].

4. On July 5, 2023, the Court entered a Scheduling Order. [Doc. 36]. The Scheduling Order bifurcated discovery and authorized a two-step process for determining whether putative collective action members are similarly situated for certification. The Scheduling Order committed the Parties to "inform the Court when and if it appears to both parties that this case is suitable for mediation." *Id.* at ¶ 6(h).

5. The Parties have completed Phase I discovery pursuant to the Court's Scheduling Order. Following Phase I discovery, the Parties stipulated to conditional certification of a collective action under 29 U.S.C. § 216(b) comprised of Production Superintendents working at the Elberton Facility. Accordingly, they signed a Joint Stipulation Regarding Conditional Certification. [*See* Doc. 44-1].

6. On March 25, 2024, the Court granted the Parties' Joint Motion to Extend Deadline to File Proposed Amended Scheduling Order. [Doc. 47]. The Court directed the Parties to either file a Proposed Amended Scheduling Order or notify the Court that they have agreed to mediation by April 15, 2024. *Id.* On that date, the Parties notified the Court they agreed to mediation. [Doc. 50].

7. The Parties agree that a settlement conference before a private mediator may resolve this action. Therefore, the Parties request this stay to pursue alternative dispute resolution under D.C.COLO.LCivR 16.6(a). That rule provides in part: "To

facilitate settlement or resolution of the suit, the district judge or a magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order." *See also Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (recognizing that the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

8. The Parties believe, given their agreement to explore resolution through alternative dispute resolution, a stay of this action is in their best interests to avoid potentially unnecessary litigation expenses should mediation be successful in securing settlement. The Parties further believe a stay of the case pending alternative dispute resolution will be in the interests of judicial economy given their anticipated deadlines (yet to be set) for Plaintiff to file a motion for conditional certification and for the Parties to complete Phase I discovery.

9. The Parties have selected a mediator and, subject to the mediator's availability, are discussing potential dates for mediation following informal pre-mediation discovery. The Parties agree a stay of the case shall include a stay of all upcoming deadlines. The Parties agree they will file a joint notice of settlement, if mediation is successful, or status report, should the matter not be resolved, within thirty (30) days of their mediation.

WHEREFORE, Plaintiff and Defendant respectfully request the Court stay this action pending alternative dispute resolution pursuant to D.C.COLO.LCivR 16.6(a) and

order the Parties to notify the Court of the result of mediation within thirty (30) days of its completion.

Dated: April 25, 2024

s/ *Ricardo J. Prieto*
Ricardo J. Prieto
Melinda Arbuckle
Wage and Hour Firm LLP
400 North Saint Paul Street, Suite 700
Dallas, TX 77046
Telephone: (979) 220-2824
rprieto@wageandhourfirm.com
marbuckle@wageandhourfirm.com

s/ *Armando Aguirre Ortiz*
Armando Aguirre Ortiz
Joseph Anthony Fitapelli
Fitapelli & Schaffer LLP
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 481-1333
aortiz@fslawfirm.com
jfitapelli@fslawfirm.com

*Attorneys for Plaintiff Bennetta Green and all others similarly situated*

s/ *Joseph H. Hunt*
Joseph H. Hunt
Jonathon M. Watson
Matthew M. Morrison
Carly Sirota
Spencer Fane, LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
(303) 839-3800
jhunt@spencerfane.com
jmwatson@spencerfane.com
mmorrison@spencerfane.com
csirota@spencerfane.com

*Attorneys for Defendant Pilgrim's Pride Corporation*

5

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Joseph H. Hunt*