IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00661-RMR-KAS

BENNETTA GREEN, and
CODY MANTIA,
    individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

PILGRIM'S PRIDE CORPORATION,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiffs' **Unopposed Motion for Conditional Certification and Preliminary Approval of FLSA Collective Action Settlement** [#68] (the "Motion"). Pursuant to D.C.COLO.LCivR 72.3(b), both parties consented to the final determination of this dispositive motion by the undersigned by filing a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge [#70]. The District Judge then entered an Order [#71] referring the Motion [#68] to the undersigned "to conduct all proceedings and enter a final order" on it. Having carefully reviewed and considered the Motion [#68], the supporting documentation from Plaintiff's Appendix [#68-1], and the relevant legal authority,

    IT IS HEREBY **ORDERED** that the Motion [#68] is **GRANTED**. The Court hereby preliminarily conditionally certifies the proposed settlement collective consisting of:

    Production Superintendents who worked at Pilgrim's Elberton, Georgia facility since March 14, 2020 and current and former production and

maintenance employees working at any of Pilgrim's locations in the United States who participated in Pilgrim's Superintendent Development Program since March 14, 2020 ("SDP Collective").

IT IS FURTHER **ORDERED** that the parties' proposed Collective Action Settlement Agreement (the "Settlement"), *see* [#68-1] at 1-17, is preliminarily approved. The Court preliminarily finds that the Settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA violations." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). In doing so, the Court has determined that the Settlement was reached as a result of a bona fide dispute, the Settlement is fair and equitable to all parties, and it contains a reasonable award of attorneys' fees. *Herrin v. Thunder Ridge Trucking & Filtration, Inc.*, No. 15-cv-00062-RM-KLM, 2016 WL 7868819, at *2 (D. Colo. May 24, 2016).

IT IS FURTHER **ORDERED** that, having considered the arguments of counsel and the *Johnson* factors,[1] the Court finds that the requested attorneys' fees and costs are reasonable and are preliminarily approved.

IT IS FURTHER **ORDERED** that, having considered the arguments of counsel, the Court preliminarily approves the requested service awards as reasonable considering the benefits the Named Plaintiffs' actions have brought for the Settlement's collective.

IT IS FURTHER **ORDERED** that the Notice of Settlement of Collective Action Lawsuit, *see* Ex. A [#68-1] at 18-22, and corresponding Settlement Claim Form, *see* Ex.

---

[1] The so-called *Johnson* factors were articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adopted by the Tenth Circuit Court of Appeals in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988); *see also In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1193 (10th Cir. 2023) (reaffirming the requirement that district courts consider the *Johnson* factors).

2

*B* [#68-1] at 23-24, are approved, and the notice process outlined in the Settlement is approved.

IT IS FURTHER **ORDERED** that Rust Consulting is approved as Claims Administrator and shall abide by the terms of the Settlement in effectuating notice.

IT IS FURTHER **ORDERED** that the parties shall contact the District Judge's Chambers to obtain a date on which she will hold a final approval hearing.

IT IS FURTHER **ORDERED** that Plaintiffs shall file their motion for final approval of the Settlement, attorneys' fees and costs, and service awards no later than **45 days before** the date of the final approval hearing, unless otherwise directed by the District Judge.

Dated: July 17, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

3